**FILED**

2020 FEB 21, PM 2: 16

SUPERIOR COURT
OF GUAM

**FILED**

2020 FEB 21 PM 2:

SUPERIOR COUR
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DAVID MEREDITH, | Superior Court Case No. <u>DM0435-18</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS** |
| YUCHEN JESSICA WANG, | |
| Defendant. | |

The Court here considers Defendant Yuchen Jessica Wang's Motion for Leave to File Amended Counterclaims. Having reviewed the parties' arguments and the relevant rules and law, the Court GRANTS Wang's Motion.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff David Meredith initiated this divorce action. Compl. (July 23, 2018). Wang filed an Answer and Counterclaims on October 1, 2018. Now more than a year later and beyond the deadline to amend pleadings, Wang seeks to make three changes to her counterclaims: clarify her emotional distress and adultery claims, counterclaim for dissolution of marriage, and change the parties' date of separation. Mot. at 1 (Dec. 13, 2019).

Meredith asks the Court to deny the Motion because the discovery cutoff and the parties' April 30, 2019 deadline for amending pleadings has passed. Sched. Order at 2 (Apr. 3, 2019); Opp'n at 1 (Jan. 10, 2019). Meredith also claims that Wang acts in bad faith and with dilatory motive. Opp'n at 6. Specifically, Meredith alleges Wang did not seek leave to amend sooner "in

ORIGINAL

order to secure some ulterior tactical advantage… she was attempting to avoid the statute of limitations while also attempting to reconcile with Meredith." *Id.*

To the contrary, Wang attributes her delay to two causes: Meredith's delay in complying with his discovery obligations and his untimely filed Motion for Judgment on the Pleadings. Sched. Order at 2; Mot. at 2, 6. Wang also points to her efforts to mediate, which concluded unsuccessfully on August 20, 2019. Stip. (May 29, 2019); Mot. at 3.

## II.    **LAW AND DISCUSSION**

Under Guam Rule of Civil Procedure 15(a), leave shall be freely given absent the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court does not find sufficient evidence that Wang acted in bad faith or with dilatory motive in attempting to amend her counterclaims as she first attempted to reconcile with Meredith instead of divorcing. *See M Elec. Corp.*, 2016 Guam 35 ¶ 63 ("[T]he trial court's findings of bad faith and prejudice were clearly erroneous because they were not supported by substantial evidence."). Nor is there sufficient evidence demonstrating how a late amendment helps Wang avoid any applicable statute of limitations. Wang admits that she sought to amend her pleading after the parties' failed mediation and Meredith's Motion for Judgment on the Pleadings and Motion in Limine, but only because these events made her realize reconciliation between the parties was impossible. Mot. at 5. The Court therefore finds Wang did not act with bad faith or dilatory motive by seeking to amend her pleadings past the parties' deadline.


ORIGINAL

The Court now analyzes each of Wang's amendments for prejudice to Meredith and futility. "[P]rejudice to the opposing party… carries the greatest weight… [it] is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).[1]

### A. Emotional Distress and Adultery Claims

Meredith argues that he would be prejudiced if the Court allowed Wang to assert extreme cruelty and adultery claims because they "change[] the entire theory of the case." Opp'n at 14. Wang's delay in asserting them "will require the reopening of the pleadings, discovery and more motion practice that could have been avoided or minimized." *Id.* at 16.

While Wang does seek to amend her counterclaims several months after the April 30 deadline, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Moreover, Wang argues that Meredith will not suffer any prejudice because she is clarifying claims she has already asserted. For example, in her original Answer, Wang pleaded grievous mental and emotional suffering, which she now recharacterizes as extreme cruelty. Answer at 2, ¶ 4 (Oct. 1, 2018); Berman Decl., Ex. 1 at 3, ¶ 4 (Dec. 13, 2019). Wang also alleged adultery in her original Answer but not as a separate counterclaim. Answer at 2, Affirmative Defenses ¶ 1; Berman Decl., Ex. 1 at 3, ¶ 4. As Wang points out, her originally pleaded counterclaims reference "all preceding paragraphs as if fully set forth herein," which includes her allegation of adultery. *Id.*

Under 19 GCA § 8205, "[e]xtreme cruelty is the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." Because Guam

---

[1] "[F]ederal interpretation of FRCP 15 is persuasive when interpreting our own GRCP 15." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 40.



law defines extreme cruelty as wrongful infliction of grievous mental suffering, which Wang originally pleaded as a counterclaim, the Court finds Meredith had notice of the claim and is not prejudiced by its clarification. Similarly, because Meredith had notice of Wang pleading adultery as part of her other counterclaims even if it was not its own counterclaim, the Court finds that the clarification as a separate counterclaim does not prejudice Meredith.

As to Meredith's claim that the amendment is futile because Wang's claims are time-barred and fail to state a claim, the Court disagrees. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Guam law recognizes adultery and extreme cruelty as claims, and the applicability or tolling of their statutes of limitations remains a triable issue of fact. The Court therefore GRANTS Wang's request to amend her Answer to include the counterclaims of adultery and extreme cruelty.

### B. Counterclaim for Dissolution of Marriage

Wang admits that she did not originally counterclaim for dissolution of marriage because she did not want to divorce Meredith and believed she could still save her 25 year long marriage. Reply at 8 (Jan. 23, 2020). Wang claims that Meredith's Motion for Judgment on the Pleadings made her realize there was no chance for reconciliation, which is why she also seeks to remove her original affirmative defense that the parties do not have irreconcilable differences that cannot be remedied through mediation and counseling. *Id.*

The Court does not see how this amendment prejudices Meredith since he is also seeking the dissolution of the parties' marriage. The Court therefore GRANTS Wang's request to



counterclaim for divorce and remove her affirmative defense that the parties do not have irreconcilable differences.

### C. Changing the Date of Separation

Finally, Wang seeks to remove her originally pleaded separation date of May 14, 2016. Wang contends that the parties' separation date is ambiguous: "the parties' date of separation is a disputed question of fact and law". Berman Decl., Ex. 1 at 2, ¶ 3; Reply at 8-9. Meredith disagrees and claims Wang is attempting to make the parties' separation date a "moving target" to ambush him at trial, causing Meredith undue prejudice. Opp'n at 13-14.

However, Meredith conceded during the Motion Hearing that the Court could choose a different separation date than one that either of the parties originally pleaded based on whatever evidence is presented at trial. Accordingly, Meredith's claim that he cannot fully investigate the parties' separation date is baseless. The Court finds that the amendment does not cause Meredith prejudice and GRANTS Wang's request.

## III. CONCLUSION

Based on the above mentioned reasons, the Court GRANTS Wang's Motion for Leave to File Amended Counterclaims. Wang must file the amended pleading within three business days of this Decision and Order, and Meredith must file an Answer within 14 days thereafter. Once Meredith files an Answer, the parties will have 14 days to file a statement regarding whether any of the remaining motions remain ripe for consideration. The Court will consider the statements and then issue a hearing date to discuss trial dates.



SO ORDERED this 21st day of February 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA C[...]

I acknowledge that a [...] the
original hereto was [...]
court box of: _V. Williams_
_Berman_

Date: 2/21/20

Deputy Clerk, Superior Court [...]

Appearing Attorneys:

Vanessa Williams, Esq., for Plaintiff David Meredith

Daniel J. Berman, Esq., Berman, O'Connor & Mann, for Defendant Yuchen Jessica Wang

